UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

CASE NO.:

ROSCIOLI YACHTING CENTER, INC.,

      Plaintiff,

vs.

M/Y SIX PAK, a 1996 44' Searay Sundancer
recreational vessel, Official No.: 1049445, her boats,
engines, generators, tackle, rigging, apparel, furniture,
furnishings, equipment, contents and appurtenances,
etc., *in rem*,

      Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, ROSCIOLI YACHTING CENTER, INC. (hereinafter referred to as, "RYC"), by and through their undersigned counsel, hereby files this Verified Complaint in Admiralty against M/Y SIX PAK, a 1996 44' Searay Sundancer recreational vessel, Official No.: 1049445, her boats, engines, generators, tackle, rigging, apparel, furniture, furnishings, equipment, contents and appurtenances, etc., (hereinafter referred to as, "M/Y SIX PAK" and "vessel") *in rem*, and alleges as follows:

1.     This is a cause within the admiralty and maritime jurisdiction of this Honorable Court founded upon Article III of the United States Constitution and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and further pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31342, as this is an action *in rem* to enforce a maritime lien for necessaries and breach of maritime contract.

2. The Plaintiff, RYC, is a corporation organized under the laws of the State of Florida, and at all times material hereto was doing business as a marina and vessel repair facility in Broward County, Florida. Plaintiff's principal address and place of business, its residence, its office for transaction of its customary business, and its established place of business is in Broward County, Florida.

3. The M/Y SIX PAK, is a 1996 44' Searay Sundancer recreational vessel, U.S. flagged and documented with the U.S. Coast Guard under Official Number 1049445, with hull identification number SERP3422H697.

4. At all times material hereto, the M/Y SIX PAK is and was owned by Sam and Joyce Frusterio.

5. The Defendant vessel, M/Y SIX PAK, is and was located at RYC's facility at 3201 State Road 84, Fort Lauderdale, Florida 33312 at all times material hereto.

## GENERAL FACTS AND ALLEGATIONS

6. The owners of the M/Y SIX PAK, Sam and Joyce Frusterio, and the vessel's authorized agents contracted with RYC to repair, service, maintain and improve the M/Y SIX PAK and to render associated and additional materials and services, including but not limited to primer, paint, glazing, sanding, cleaning and preparation for painting, cleaning the vessel, blocking the vessel, hauling the vessel, launching the vessel, dockage, electrical supply, storage, maintenance, and associated fees and charges, pursuant to the Repair and Dockage Registration Agreement, attached hereto as Exhibit 1.

7. RYC provided services and materials to the credit of M/Y SIX PAK for its repair, service, maintenance and improvement, including but not limited the services and materials described above, as agreed in the Repair and Dockage Registration Agreement (Ex. 1.)

8. RYC invoiced M/Y SIX PAK and her owners, Sam and Joyce Frusterio, for services and materials provided to M/Y SIX PAK, which have not been paid. The invoices totaled approximately $110,466.31.

9. RYC's current outstanding balance for the services and materials provided to M/Y SIX PAK is $139,226.56. This figure is comprised of repair services and materials furnished to the vessel in the amount of $5,455.30, interest on repair services and materials in the amount of $3,300.98; dockage for the vessel in the amount of $105.011.01, and interest on the dockage in the amount of $25,459.27. The figures for interest are calculated through September 1, 2016.

10. RYC has demanded payment from M/Y SIX PAK and her owners for its outstanding charges as indicated on invoices submitted to M/Y SIX PAK and her owners for the services and materials to the credit M/Y SIX PAK.

11. M/Y SIX PAK's owners, Sam and Joyce Frusterio, have refused to pay the invoices despite demand by RYC.

12. Despite attempts by Plaintiff to obtain substitute security for any judgment obtained, in lieu of the arrest of the Defendant vessel, no adequate substitute security has been offered or provided by the owner or his agents.

13. All materials and services provided by RYC to the credit of M/Y SIX PAK, as agreed and as outlined in the Repair and Dockage Registration Agreement (Ex. 1) were provided in Broward County, Florida.

14. The owners of the vessel and/or its authorized agents agreed to be make all payments to RYC at its location and principle place of business in Broward County, Florida.

15. The owners of the vessel and/or its authorized agents have previously paid RYC at its facility in Broward County for services to the vessel.

16. All causes of action and damages for this case accrued in Broward County, Florida.

17. This Court has proper subject matter jurisdiction to hear this case.

18. This Court has proper personal jurisdiction over the parties of this case.

19. Venue for this civil action is proper in the Southern District of Florida – Fort Lauderdale Division.

20. All conditions precedent to bringing this case have been satisfied, waived or excused.

### COUNT I: CLAIM FOR ENFORCEMENT OF LIEN FOR NECESSARIES AGAINST THE M/Y SIX PAK, *in rem*

21. Plaintiff reaffirms and re-alleges paragraph numbers 1 through 20 as though fully incorporated herein, and further alleges:

22. Plaintiff has a maritime lien against the M/Y SIX PAK for the necessaries provided to the vessel in the amount of $139,226.56 plus accruing prejudgment interest, and is entitled to foreclosure upon the lien and have the boat sold to satisfy its lien.

23. 46 U.S.C. § 31342 states that,

   (a) . . . a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner--
   (1) has a maritime lien on the vessel;
   (2) may bring a civil action in rem to enforce the lien; and
   (3) is not required to allege or prove in the action that credit was given to the vessel.

24. The term "'necessaries' includes repairs, supplies, towage and the use of a dry dock or marine railway." 46 U.S.C.A. § 31301(4).

25.  The word "includes" in this definition was not intended to be exhaustive. *Bradford Marine, Inc. v. M/V Sea Falcon,* 64 F.3d 585, 589 (11th Cir. 1995). The term has been liberally construed to include " 'what is reasonably needed in the ship's business,' " *J. Ray McDermott & Co. v. Off-Shore Menhaden Co.,* 262 F.2d 523, 525 (5th Cir.1959) (quoting *The Penn,* 273 F. 990, 991 (3d Cir.1921)), such as "goods or services that are useful to the vessel, keep her out of danger, and enable her to perform her particular function. Necessaries are the things that a prudent owner would provide to enable a ship to perform well the functions for which she has been engaged." *Equilease Corp. v. M/V Sampson,* 793 F.2d 598, 603 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 984 (1986); *Payne v. SS Tropic Breeze,* 423 F.2d 236, 241 (1st Cir.) ("The appropriate test ... is whether the goods or services in question were necessary to the continued operation of the vessel."), *cert. denied,* 400 U.S. 964 (1970).

26.  The materials and services provided by RYC in the amount of $139,226.56 for which RYC has not been paid, including, but not limited to, the repair work, supplies, dockage, storage, and maintenance of the vessel and related services, constitute "necessaries" furnished to the vessel, M/Y SIX PAK, on the order of the vessel's owner and/or the owner's authorized agents under 46 U.S.C. § 31342.

27.  The materials and services provided to the vessel by RYC are necessary for the continued operation of the vessel.

28.  The price of $139,226.56 for the materials and services rendered that are due and owing is fair and reasonable.

29.  RYC therefore has a lien against the vessel, M/Y SIX PAK, for $139,226.56, the value of the necessaries furnished to it, and is entitled to foreclose on the lien and to have the vessel condemned and sold to satisfy its lien.

30. RYC is entitled to a judgment for $139,226.56, plus accruing prejudgment interest, the value of materials and services provided to the M/Y SIX PAK, which remain unpaid, to have the vessel arrested and foreclose on the lien in accordance with the law, and that the vessel be condemned and sold in payment of the amount due and all other such sums owed.

**WHEREFORE**, Plaintiff, ROSCIOLI YACHTING CENTER, INC., respectfully requests the Court:

a. Issue a warrant for the arrest of Defendant vessel, M/Y SIX PAK, citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

b. Order that ROSCIOLI YACHTING CENTER, INC. has a maritime lien upon the M/Y SIX PAK for $139,226.56, for necessaries furnished to the vessel as described herein and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever;

c. Enter judgment for ROSCIOLI YACHTING CENTER, INC. and against Defendant vessel, M/Y SIX PAK, *in rem*, for $139,226.56, for necessaries furnished to the vessel as described herein, plus costs, *custodia legis* fees, and pre and post-judgment interest;

d. Order that M/Y SIX PAK be condemned and sold to pay said judgment and all other such sums owed;

e. Order that ROSCIOLI YACHTING CENTER, INC. be permitted to bid its judgment against the M/Y SIX PAK at a U.S. Marshal's sale; and

f. Grant such other relief as deemed just and proper under the circumstances.

**COUNT II: BREACH OF CONTRACT AGAINST THE M/Y SIX PAK, *in rem***

31. Plaintiff reaffirms and re-alleges paragraph numbers 1 through 20 as though fully incorporated herein, and further alleges:

32. Plaintiff, RYC has a maritime contract under the Repair and Dockage Registration Agreement (Ex. 1) with the M/Y SIX PAK, authorized by the owners of the vessel and/or its authorized agents, including the vessel's owners, Sam and Joyce Frusterio, to perform repairs and service to the M/Y SIX PAK.

33. The Repair and Dockage Registration Agreement (Ex. 1) provides the terms and conditions under which Plaintiff was to provide repairs and service to the M/Y SIX PAK.

34. M/Y SIX PAK, through its owners and/or its authorized agents, including owners, Sam and Joyce Frusterio, agreed to pay RYC for its services rendered and parts and materials provided pursuant to the terms of the contract (Ex. 1.)

35. M/Y SIX PAK, through its owners and/or its authorized agents, including owners, Sam and Joyce Frusterio, agreed as follows:

> All invoices are due and payable on presentation, but in all events must be paid before the Vessel leaves RYC's premises and RYC may retain possession of the Vessel until all obligations incurred on behalf of the Vessel, the Owner and authorized person(s) are paid. . . A late payment of one and one-half percent (1 ½ %) per month, not to exceed the maximum rate of interest allowed by law, will be added to bills, which are not paid within ten (10) days time. Should RYC deem it necessary to retain an attorney to collect any charges due, RYC shall be entitled to recover reasonable **attorneys' fees** from the Owner, regardless of whether any suit is brought against Owner or Vessel. Owner further agrees that RYC has a maritime lien upon the Vessel, its equipment and personal effects for such attorneys' fees and costs.

(Emphasis added. Ex. 1 ¶ 7.)

36. RYC fully performed under the contract and provided the agreed upon services and repairs to the M/Y SIX PAK.

37. After RYC completed the services, dockage, repairs, and maintenance to the M/Y SIX PAK, it submitted invoices and demanded payment from M/Y SIX PAK and her owners for services rendered and parts provided.

38. M/Y SIX PAK's owners, Sam and Joyce Frusterio, have refused to pay RYC for its invoices submitted, totaling approximately $110,466.31.

39. RYC's current outstanding balance is for $139,226.56, with accrued interest through September 1, 2016, and with interest continuing to accrue.

40. M/Y SIX PAK has materially breached its contract with RYC (Ex. 1) by failing to pay RYC's invoices and the amount currently due and owing of $139,226.56.

41. As a direct and proximate result of M/Y SIX PAK's breach of its contractual agreement with RYC (Ex. 1), RYC remains unpaid for services rendered and parts provided for the benefit of M/Y SIX PAK, and incurred and is entitled to recover consequential, compensatory, incidental and reliance damages, including, but not limited to, $139,226.56 for the amount due and owing under the agreement; *custodia legis* fees, pre and post-judgment interest; costs and attorneys fees pursuant to the Repair and Dockage Registration Agreement (Ex. 1.)

42. RYC is entitled to recover its attorneys' fees and costs and has a maritime lien against M/Y SIX PAK for same as the parties agreed that:

> Should RYC deem it necessary to retain an attorney to collect any charges due, RYC shall be entitled to recover reasonable **attorneys' fees** from the Owner, regardless of whether any suit is brought against Owner or Vessel. Owner further agrees that RYC has a maritime lien upon the Vessel, its equipment and personal effects for such attorneys' fees and costs.

(Emphasis added. Ex. 1 ¶ 7.)

43. M/Y SIX PAK's breach of its contractual agreement with RYC gives rise to a maritime lien against M/Y SIX PAK, provides the basis for *in rem* admiralty jurisdiction to enforce its lien, including through the arrest of the vessel to ensure that should RYC prevail in the breach of contract action, it will be able to satisfy its judgment. *See E.A.S.T., Inc. of Stamford, Conn. v. M/V Alaia*, 876 F.2d 1168, 1174 (5th Cir. 1989).

**WHEREFORE**, Plaintiff, ROSCIOLI YACHTING CENTER, INC., respectfully requests the Court:

a. Issue a warrant for the arrest of Defendant vessel, M/Y SIX PAK, citing it and all persons claiming any interest therein to appear and answer under oath the matters aforesaid;

b. Order that ROSCIOLI YACHTING CENTER, INC. has a maritime lien upon the M/Y SIX PAK for M/Y SIX PAK's breach of a maritime contract and that such lien is superior to the interest, liens and/or claims of any and all persons, firms or corporations whatsoever;

c. Enter judgment for ROSCIOLI YACHTING CENTER, INC. and against Defendant vessel, M/Y SIX PAK, *in rem*, for consequential, compensatory, expectancy, resulting, incidental and reliance damages, including, but not limited to $139,226.56 for the amount due and owing; *custodia legis* fees, pre and post-judgment interest; and attorneys' fees and costs pursuant to the Repair and Dockage Registration Agreement (Ex. 1);

d. Order that M/Y SIX PAK be condemned and sold to pay said judgment and all other such sums owed;

e. Order that ROSCIOLI YACHTING CENTER, INC. be permitted to bid its judgment against the M/Y SIX PAK at a U.S. Marshal's sale; and

f. Grant such other relief as deemed just and proper under the circumstances.

Dated this 19th day of September, 2016.

Respectfully Submitted,

FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Phone: (954) 763-5020
Fax:   (954) 763-5412

Attorneys for Plaintiff, ROSCIOLI YACHTING CENTER, INC.


By: <u>/s Christopher R. Fertig</u>
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No.: 218421
Email: crf@fertig.com

and

By: <u>/s Alexander P. Koffler</u>
ALEXANDER P. KOFFLER, ESQ.
Florida Bar No.: 41301
Email: apk@fertig.com

Verified Complaint
Roscioli Yachting Center, Inc. v. M/Y SIX PAK
Page 10 of 11

## ROSCIOLI YACHTING CENTER, INC.'S VERIFICATION

I verify under penalty of perjury of the laws of the United States of America, that I am an authorized representative of Plaintiff corporation, ROSCIOLI YACHTING CENTER, INC., and as such have the authority to execute this Verification; and I have read the foregoing Verified Complaint and know the contents thereof and the same are true and correct of my own knowledge, except as to the matters therein stated upon information and belief, and as to those matters, I believe them to be true and correct.

Dated this 19 day of September, 2016.

_____
Signature

Robert Roscioli
Printed Name

President/CEO
Title, ROSCIOLI YACHTING CENTER, INC.